UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD TANSEY, on Behalf of Himself and All Others Similarly Situated,<br>Plaintiff,<br><br>vs.<br><br>NAVISITE, INC., R. BROOKS BORCHERDING, JAMES W. PLUNTZE, ANDREW RUHAN, ARTHUR P. BECKER, JAMES DENNEDY, LARRY SCHWARTZ, THOMAS R. EVANS, TIME WARNER CABLE INC., and AVATAR MERGER SUB INC.,<br>Defendants. | C.A. No. 11-CV-10214-RWZ |

## ORDER AND FINAL JUDGMENT

WHEREAS, the Stipulation of Settlement, effective as of June 9, 2011 (the "Stipulation"), in the above-captioned action (the "Action"), and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement"), were presented at a settlement hearing held on September 15, 2011 (the "Settlement Hearing"), pursuant to the Scheduling Order on Approval of Class Action and Class Certification entered herein on June 10, 2011 (the "Scheduling Order");

WHEREAS, the Stipulation was joined and consented to by all parties to the Action and (along with the defined terms therein) is incorporated herein by reference;

WHEREAS, pursuant to the Scheduling Order, this Court preliminarily certified the Class (as defined below);

WHEREAS, the Notice of Pendency of Class Action, Stipulation of Settlement, Settlement Hearing and Right to Appear (the "Notice") has been disseminated to the Class in accordance with the Scheduling Order; and

WHEREAS, the Court, having heard and considered the evidence in support of the proposed Settlement at the Settlement Hearing; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the former stockholders of NaviSite, Inc. ("NaviSite") and the Class was full, adequate and sufficient; and the entire matter of the Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ___15th___ day of ___September___, 2011, that:

1. Based on the record of the Action, each of the provisions of Rule 23 of the Federal Rules of Civil Procedure has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and (b). Specifically, this Court finds that the Class satisfies the numerosity requirement of Rule 23(a)(1). As of February 1, 2011, there were over 38 million shares of NaviSite common stock ("NaviSite Shares") issued and outstanding. There are questions of law or fact common to the Class sufficient to satisfy Rule 23(a)(2), including whether the disclosures made by NaviSite in the preliminary proxy filed by NaviSite on March 1, 2011 was adequate, whether the defendants named in the Action ("Defendants") breached their fiduciary duties to the Class Members (as defined in the Stipulation) in connection with the merger involving NaviSite, Time Warner Cable Inc. ("TWC") and Avatar Merger Sub Inc. ("Merger Sub") (the "Proposed Transaction"), and whether the plaintiff in the Action and/or the

Class Members were injured as a result of Defendants' actions. The claims of Edward Tansey ("Plaintiff") are typical of the claims of the absent Class Members in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories, satisfying Rule 23(a)(3). Plaintiff and his counsel ("Plaintiff's Counsel") have fairly and adequately protected the interests of the Class, satisfying Rule 23(a)(4). The prosecution of separate actions by individual Class Members would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Defendants and, as a practical matter, the disposition of the Action will influence the disposition of any pending or future identical cases brought by other Class Members, satisfying Rule 23(b)(1); and there were allegations that defendants acted or refused to act on grounds generally applicable to the Class, satisfying Rule 23(b)(2).

2. The Action is certified as a class action, pursuant to Rules 23(a), (b)(1) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of any and all record and beneficial holders of NaviSite Shares, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held any such NaviSite Shares at any time between and including July 12, 2010 and April 21, 2011, but excluding the specifically named Defendants and any firm, trust, corporation or other entity controlled by any defendant (the "Class" and each individual member of the Class, a "Class Member").

3.  Plaintiff is permanently certified as representative of the Class, and it is found that Plaintiff was adequately represented by Robbins Umeda LLP as Plaintiff's and Class Counsel, and that Plaintiff fairly and adequately protected the interests of the Class.

4.  The Notice was timely mailed to the Class, as provided for in the Scheduling Order, and as stated in the proof of mailing filed with the Court by Defendants. The form and manner of notice given to the Class is hereby determined to have been the best notice practicable under the circumstances, to have been given in full compliance with the requirements of due process, Rule 23 and applicable law, and to constitute full and adequate notice to the Class.

5.  All Class Members are bound by the Order and Final Judgment entered herein, as full and adequate notice of the proceedings was given and as a full opportunity to be heard was provided to Class Members.

6.  The Settlement and all transactions preparatory or incident thereto are found to be fair, reasonable, adequate and in the best interests of the Class, and the Settlement is hereby approved.

7.  The parties to the Settlement are directed to comply with, and to consummate, the Settlement in accordance with its terms and provisions, and the Clerk of the United States District Court for the District of Massachusetts is directed to enter and docket this Order and Final Judgment.

8.  This Order and Final Judgment hereby dismisses the Action on the merits and with prejudice, without costs, and Plaintiffs and each Class Member shall be deemed to have completely, fully, finally and forever released, compromised, settled, discharged, extinguished and dismissed all Released Claims (as defined below) against all Released Parties (as defined

below), including without limitation any and all claims or obligations that were or could have been asserted in the Actions against the Defendants.

9. "Released Parties" means, whether or not any of the following Persons were named, served with process or appeared in the Actions, (i) NaviSite, TWC, Merger Sub, R. Brooks Borcherding, James W. Pluntze, Andrew Ruhan, Arthur P. Becker, James Dennedy, Larry Schwartz, and Thomas R. Evans, (ii) any person or entity which is, was or will be related to or affiliated with any or all of them or in which any or all of them has, had or will have a controlling interest, and (iii) the respective past, present or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, of each and all of the foregoing.

10. "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued,

apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, that Plaintiffs or any or all members of the Class ever had, now have, or may have, whether direct, derivative, individual, class, representative, legal, equitable or of any other type, or in any other capacity, against any of the Released Parties, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including but not limited to any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of NaviSite), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, the Actions or the subject matter of the Actions in any court, tribunal, forum or proceeding, including, without limitation, any and all claims which are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Proposed Transaction, including the Merger, or the issuance of any securities in connection therewith, (ii) any deliberations or negotiations in connection with the Proposed Transaction, including the process of deliberation or negotiation by each of NaviSite, TWC and Merger Sub and any of their respective officers, directors, attorneys or advisors, (iii) the consideration to be received by Class members in connection with the Proposed Transaction, (iv) the Preliminary Proxy, the Definitive Proxy, or any other disclosures, public filings, periodic reports, press releases, proxy statements or other statements issued, made available or filed relating, directly or indirectly, to the Proposed Transaction, including claims under the federal securities laws (including under

Section 14 of the Securities Exchange Act of 1934) within the exclusive jurisdiction of the federal courts, (v) the fiduciary obligations of the Released Parties in connection with the Proposed Transaction, (vi) the fees, expenses or costs incurred in prosecuting, defending, or settling the Actions, or (vii) any of the allegations in any complaint or amendment(s) thereto filed in the Actions; provided, however, that the Released Claims shall not include the right to, or any claim or action brought to, enforce this Stipulation or any claims for statutory appraisal in connection with the Merger by NaviSite stockholders who properly perfect such appraisal claims and do not otherwise waive their appraisal rights.

11. "Unknown Claims" means any claim that Plaintiffs or any member of the Class do not know or suspect exists in his, her or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement. With respect to any of the Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs shall expressly and each Class Member shall be deemed to have, and by operation of the Judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of

Plaintiffs, and by operation of law the Class Members, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs acknowledge, and the Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Stipulation

12. Plaintiffs and all Class Members and the respective heirs, executors, administrators, estates, predecessors in interest, predecessors, successors in interest, successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing, prosecuting, assisting with or participating in, either directly or in any other capacity, any of the Released Claims against any of the Released Parties.

13. This Order and Final Judgment hereby completely, fully, finally and forever releases, compromises, relinquishes, extinguishes and discharges all claims that Defendants and their affiliates may have against Plaintiffs, the Class Members and counsel for the Plaintiffs arising out of or relating to the institution, prosecution, and resolution of the Action (the "Release of Plaintiffs"); provided, however, that the Release of Plaintiffs shall not include the right to, or any claim or action brought to, enforce this Stipulation or the confidentiality stipulation agreed upon by the Parties.

14. Neither the MOU (as defined in the Stipulation) nor the Stipulation, nor any of the terms and provisions of the MOU or the Stipulation, nor any of the negotiations or proceedings

in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damage to any Plaintiff or Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in either of the Actions, or of any purported liability, fault, or wrongdoing of the Released Parties or of any injury or damages to any person or entity, or (b) otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation and/or this Order and Final Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue or support a defense or counterclaim that the Stipulation and/or this Order and Final Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or this Order and Final Judgment.

15. Plaintiff's Counsel is hereby awarded fees and expenses in the amount of $ 360,000.00 in connection with the Action, which fees and expenses the Court finds to be fair and reasonable. Such sum shall be paid pursuant to the provisions of the Stipulation. No counsel representing any plaintiff in the Actions shall make any further or additional application for fees and expenses to the Court or any other court.

16. If the Effective Date (as defined in the Stipulation) does not occur, this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith except for paragraph 14 hereof and paragraphs 11, 13, 16 and 18 of the Stipulation, which shall survive any such termination or vacatur, shall be null and void; the parties returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU (as that term is defined in the Stipulation).

17. The binding effect of this Order and Final Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

18. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

Dated: 9/15, 2011

_____
The Honorable Rya Zobel
United States District Court for the
District of Massachusetts

648237

-10-